UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
AMBER MOFFETT,

        Plaintiff,                              Case No: 1:22-cv-07393-CLP

-against-                                       **ANSWER**

NYU LANGONE HEALTH SYSTEM,

        Defendant.
----------------------------------------------------------

      Pursuant to Federal Rule of Civil Procedure 8, Defendant NYU Langone Health System hereby submits this Answer to Plaintiffs' Complaint dated December 5, 2022, as follows:

### NATURE OF THE CASE

    1.    Paragraph 1 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 1 is denied.

### JURISDICTION AND VENUE

    2.    Paragraph 2 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 2 is denied.

    3.    Paragraph 3 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 3 is denied.

    4.    Paragraph 4 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 4 is denied.

### PROCEDURAL REQUIREMENTS

    5.    Paragraph 5 is admitted.

    6.    Paragraph 7 is admitted.

7. Defendant has insufficient information to admit or deny the allegations of Paragraph 7 and leaves Plaintiff to her proof.

8. That portion of Paragraph 8 which alleges "and is a 'person' and an 'employee' entitled to protection as defined by the federal and state laws invoked herein," consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, that portion of Paragraph 8 is denied. Defendant has insufficient information to admit or deny rest and remaining portions of Paragraph 7 and leaves Plaintiff to her proof.

9. That portion of Paragraph 9 which alleges "Kings" is denied. The rest and remaining portions of Paragraph 9 are admitted.

## MATERIAL FACTS

10. Paragraph 10 is denied. Plaintiff does not and has never worked for NYU Langone Health. Plaintiff has been employed by NYU Langone Hospital ("NYULH") since in or about 2016. The remainder of this Answer is drafted as if directed to NYULH.

11. Paragraph 11 is denied.

12. That portion of Paragraph 12 which alleges "Reginald Pressior ('Pressior') became Plaintiff's direct supervisor" is admitted. There rest and remaining portions of Paragraph 12 are denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Defendant denies that portion of Paragraph 15 which alleges "Pressior more openly engaged in flirty and inappropriate conversation with Plaintiff." Defendant has insufficient

information to admit or deny the rest and remaining portions of Paragraph 15 and leaves Plaintiff to her proof.

16. Paragraph 16 is denied.

17. Paragraph 17 is denied.

18. Defendant has insufficient information to admit or deny the allegations of Paragraph 18 and leaves Plaintiff to her proof.

19. Defendant has insufficient information to admit or deny the allegations of Paragraph 19 and leaves Plaintiff to her proof.

20. Those portions of Paragraph 20 which allege "he began to yell at her" and "Pressior yelled at Plaintiff" are denied. Defendant has insufficient information to admit or deny the rest and remaining portions of Paragraph 20 and leaves Plaintiff to her proof.

21. Defendant has insufficient information to admit or deny the allegations of Paragraph 21 and leaves Plaintiff to her proof.

22. That portion of Paragraph 22 which alleges "Pressior again began to yell at Plaintiff" is denied. Defendant has insufficient information to admit or deny the rest and remaining portions of Paragraph 22 and leaves Plaintiff to her proof.

23. Defendant has insufficient information to admit or deny the allegations of Paragraph 23 and leaves Plaintiff to her proof.

24. Paragraph 24 is denied.

25. Defendant has insufficient information to admit or deny the allegations of Paragraph 25 and leaves Plaintiff to her proof.

26. Defendant has insufficient information to admit or deny the allegations of Paragraph 26 and leaves Plaintiff to her proof.

27. Defendant has insufficient information to admit or deny the allegations of Paragraph 27 and leaves Plaintiff to her proof.

28. Defendant has insufficient information to admit or deny the allegations of Paragraph 28 and leaves Plaintiff to her proof.

29. Paragraph 29 is admitted.

30. That portion of Paragraph 30 which alleges "Human Resources" is denied. The rest and remaining portions of Paragraph 30 are admitted, but it is denied that this is a complete recitation of the response provided by the compliance office.

31. That portion of Paragraph 31 which alleges "privately" is denied. The rest and remaining portions of Paragraph 31 are admitted.

32. Defendant denies Plaintiff's characterization of "harassment." The rest and remaining portions of Paragraph 32 are admitted.

33. That portion of Paragraph 33 which alleges "Velasquez and Colon claimed Plaintiff might have 'misinterpreted things'" is denied. The rest and remaining portions of Paragraph 33 are admitted, but it is denied that this is a complete recitation of what was said.

34. That portion of Paragraph 34 which alleges "Pressior was flirting with a nurse" is denied. Defendant has insufficient information to admit or deny the rest and remaining portions of Paragraph 34 and leaves Plaintiff to her proof.

35. Paragraph 35 is denied.

36. That portion of Paragraph 36 which alleges "Plaintiff never received a response to the e mail [sic]" is denied. With regard to the rest and remaining portions of Paragraph 36, the purported email speaks for itself.

37. Defendant has insufficient information to admit or deny the allegations of Paragraph 37 and leaves Plaintiff to her proof.

38. That portion of Paragraph 38 which alleges "27" is denied. The rest and remaining portions of Paragraph 38 are admitted.

39. Those portions of Paragraph 39 which allege "29" and "harassment" are denied. The rest and remaining portions of Paragraph 39 are admitted.

40. That portion of Paragraph 40 which alleges "Pressior made a veiled threat" is denied. Defendant has insufficient information to admit or deny the rest and remaining portions of Paragraph 40 and leaves Plaintiff to her proof.

41. It is admitted that Plaintiff and Proutie spoke on October 22, 2021. Defendant has insufficient information to admit or deny the rest and remaining portions of Paragraph 41 and leaves Plaintiff to her proof.

42. Paragraph 42 is denied.

43. Paragraph 43 is denied.

44. Paragraph 44 is denied.

45. Paragraph 45 is denied.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

### AS A *FIRST* CAUSE OF ACTION FOR DISCRIMINATION UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

48. Defendant repeats and realleges each and every allegation made in the above paragraphs of this Answer.

49. Paragraph 49 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 49 is denied.

50. Paragraph 50 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 50 is denied.

51. Paragraph 51 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 51 is denied.

52. Paragraph 52 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 52 is denied.

53. Paragraph 53 is denied.

54. Paragraph 54 is denied.

55. Paragraph 55 is denied.

56. Paragraph 56 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 56 is denied.

57. Paragraph 57 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 57 is denied.

**AS A *SECOND* CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK HUMAN RIGHTS LAW**

58. Defendant repeats and realleges each and every allegation made in the above paragraphs of this Answer.

59. Paragraph 59 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 59 is denied.

60. Paragraph 60 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 60 is denied.

88. Paragraph 88[1] consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 88 is denied.

---

[1] The allegations in the Complaint jump from Paragraph 60 to Paragraph 88. This Answer uses the same numbering.

4886-9855-2404 v1

89. Paragraph 89 is denied.

90. Paragraph 90 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 90 is denied.

91. Paragraph 91 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 91 is denied.

### AS A *THIRD* CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

92. Defendant repeats and realleges each and every allegation made in the above paragraphs of this Answer.

93. Paragraph 93 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 93 is denied.

94. Paragraph 94 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 94 is denied.

### PRAYER FOR RELIEF

95. Paragraph 95 consists of conclusions of law and not allegations of fact, and therefore no response is required. To the extent that a response is required, Paragraph 95 is denied.

### DEFENSES

Defendants assert the following defenses and/or affirmative defenses, without intending to assume any burden of proof they do not have as a matter of law:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a *prima facie* case of discrimination.

### THIRD AFFIRMATIVE DEFENSE

Defendant had legitimate, independent and non-discriminatory business reasons for every action taken, and therefore, those actions were not the result of unlawful discrimination, or otherwise in violation of any local, state or federal law or statute.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's stated reasons for its conduct were not a pretext for unlawful discrimination.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff was not subjected to any unwelcome sexual advances.

### SIXTH AFFIRMATIVE DEFENSE

Defendant's conduct was not severe or pervasive.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant's conduct was nothing more than petty slights or trivial inconveniences.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant's conduct was not motivated, in any way, by Plaintiff's gender or sex.

### NINTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Defendant's good faith efforts to comply with all federal, state and local anti-discrimination laws.

### TWELFTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is seeking punitive damages, Defendant did not engage in any intentional wrongdoing, nor did it engage in any willful, wanton, malicious, reckless, or egregious conduct and, consequently, no sufficient basis exists to support a claim for punitive damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the equitable doctrines of waiver, estoppel, laches, or unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part based on the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff suffered any damages, she failed to mitigate her damages.

### SIXTEENTH AFFIRMATIVE DEFENSE

Should Plaintiff obtain a judgment against Defendant, then Defendant is entitled to set off against such verdict any sums received by Plaintiff from collateral sources.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any and all actions taken with respect to the Plaintiff's employment were taken for lawful, legitimate, non-discriminatory and non-retaliatory business reasons.

4886-9855-2404 v1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant acted lawfully and in good faith and without any intent to deny Plaintiff any rights under Title VII of the Civil Rights Act of 1964, New York State Human Rights Law or New York City Human Rights Law.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant: (1) Established and complied with policies, programs and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents and persons employed as independent contractors, including but not limited to: (i) a meaningful and responsive procedure for investigating complaints of discriminatory practices by employees, agents and persons employed as independent contractors and for taking appropriate action against those persons who are found to have engaged in such practices; (ii) a firm policy against such practices which is effectively communicated to employees, agents and persons employed as independent contractors; (iii) a program to educate employees and agents about unlawful discriminatory practices under local, state, and federal law; and (iv) procedures for the supervision of employees and agents and for the oversight of persons employed as independent contractors specifically directed at the prevention and detection of such practices; and (2) had a record of no, or relatively few, prior incidents of discriminatory conduct by such employee.

Defendant reserves the right to assert additional defenses or claims that may become known during the course of discovery.

WHEREFORE, Defendant prays that the Court dismiss the Complaint in its entirety, including each and every demand and prayer for relief contained in the Complaint, and grant such other and further relief that the Court deems just and proper.

4886-9855-2404 v1

Dated: New York, NY
      March 7, 2023

                                OBERMAYER REBMANN MAXWELL & HIPPEL LLP

                                */s/ Stacey L. Pitcher*
                                Stacey L. Pitcher, Esq.
                                *Attorney for Defendant*
                                60 East 42nd Street, 40th Floor
                                New York, NY 10165
                                Ph: (917) 994-2551
                                Stacey.pitcher@obermayer.com

## CERTIFICATION OF SERVICE

      This is to certify that on March 7, 2023, a copy of the foregoing was filed electronically ad served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by the operation of the Court(s) electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

                                */s/ Stacey L. Pitcher*
                                Stacey L. Pitcher